UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO MERRITT,

Plaintiff,

v.                                    CAUSE NO. 3:25-CV-520-GSL-AZ

L. SMITH,

Defendant.

OPINION AND ORDER

Antonio Merritt, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Merritt is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See, e.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Merritt was found guilty of battery against another offender on February 12, 2024, at the Indiana State Prison (ISP) following a disciplinary hearing. As one of his sanctions, he was assessed restitution by L. Smith, the disciplinary heard board (DHB) officer. Merritt states, "The restitution order was not supported by any evidence or documentation of an itemized bill from the hospital upon my request." ECF 1 at 2. The Report of Disciplinary Hearing attached to the complaint indicates staff reports, physical evidence, video evidence, confidential documents, and the statement of the offender were all used to "support the finding of guilt." ECF 1-1 at 1. The offender statement is transcribed in the Report as follows:

> Like the write up says I live on 100 range, and he called me a nigger and he said come on in. We started fighting and he hit me with the cain and I grabbed the cain. I beat his ass. I took the cain from him.

*Id*. (verbatim). DHB Officer Smith assessed restitution in an amount over $250.00, specifically noting it was "$100,000 estimated at/below medications." *Id*. The sanctions were imposed for the "seriousness" of the offense, for Merritt's attitude during the hearing, and for the likelihood that it would have a "corrective effect" on his future behavior. *Id*. Merritt has sued DHB Officer L. Smith to "remove restitution order." ECF 1 at 6.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. Inmates have a property interest in the funds located in their prison accounts. *Wilson v. Castaneda*, 143 F.4th 814, 818 (7th Cir. 2025) (citing *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986)); *see also Hull v. Cooke*, No. 22-2848, 2024 WL 81104, at *2 (7th Cir.

2

Jan. 8, 2024), *reh'g denied*, No. 22-2848, 2024 WL 644676 (7th Cir. Feb. 15, 2024) ("Indiana prisoners have a property interest in the funds in their trust accounts."). While prison officials cannot deprive inmates of those funds without due process, the Seventh Circuit has determined "[i]t is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate' use of his commissary account until he makes good the damage he has caused . . .." *Campbell*, 787 F.2d at 224. That is because "[s]uch a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures. It would significantly increase the cost of prison administration and unduly burden courts with litigation which is essentially administrative in nature." *Id*. Instead, inmate accounts can be debited or frozen pursuant to restitution orders issued by prison disciplinary boards as long as the "procedural safeguards" at the disciplinary hearing are constitutionally adequate per *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id*. at 225. Those procedural safeguards require: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-73.

Additionally, "a prison disciplinary decision must be supported by 'some evidence' in the record." *Wilson*, 143 F.4th at 818 (quoting *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Campbell*, 787 F.2d at 222. The "some evidence" standard has been described as follows:

> This lenient standard requires no more than a modicum of evidence. Our inquiry ends once this meager threshold has been crossed. We ask only whether the record was so devoid of evidence as to make the official's findings arbitrary or without support. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Wilson*, 143 F.4th at 819 (internal quotation marks, brackets, and citations omitted); *see also United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (a prison disciplinary board's sanction will be set aside only if it is "plainly" unreasonable). Thus, when it has been determined an inmate challenging a restitution sanction "was afforded procedural due process consonant with the circumstances of his incarceration" pursuant to a disciplinary hearing related to that charge, he has not stated a valid Fourteenth Amendment claim. *Campbell*, 787 F.2d at 225; *but cf. Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added).[1] Importantly, when a disciplinary hearing conviction remains standing, inmates are barred from proceeding on any allegations that, if proven true, would undermine the validity of that finding of guilt. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (extending *Heck* to prison disciplinary proceedings).

Here, Merritt claims the restitution sanction was not supported by "any evidence," but that assertion is belied by the record. The Report of Disciplinary Hearing

---

[1] The Seventh Circuit Court of Appeals distinguished the *Tonn* case from the *Wilson* case by pointing out Wilson had attached documents to his complaint that negated his claim there was not "*any* evidence" supporting the restitution amount. *Wilson*, 143 F.4th at 820 (emphasis in original).

attached to the complaint makes it clear DHB Officer Smith relied on Merritt's own statement, among other evidence. Specifically, it notes that Merritt admitted to taking a cane from the other offender and "beat[ing] his ass." The loss section of the report indicates the estimated restitution was for medications. When an inmate suffers a beating and is administered medication for it, it is reasonable to infer at least some costs were incurred. Therefore, while that evidence is "not so precise as to identify a specific restitution figure," it constitutes "some evidence" in the record to establish both Merritt's violation and that the prison incurred financial costs because of it. *Wilson*, 143 F.4th at 819 (noting that this "lenient standard requires no more than a modicum of evidence" and the court's inquiry ends once the "meager threshold" is crossed).

Merritt also claims his rights were violated because he wasn't provided with an "itemized bill from the hospital" upon request. However, as noted by the Seventh Circuit Court of Appeals, "we have never required, for purposes of federal due process, specific evidence of the amount of restitution at the time a sanction is entered." *Wilson*, 143 F.4th at 820. Instead, a hearing officer may assess restitution for medical costs "up to an estimated amount" if the precise cost cannot be determined at the time of the hearing. *Id.* (citing *Ind. Dep't of Corr., The Disciplinary Code for Incarcerated Adults*, IX(E)(3)(e) (Effective May 1, 2023)). The fact that a hearing officer proffered an estimate as a sanction rather than a set restitution amount isn't a constitutional violation. *Id.* Accordingly, *Wilson* has squarely foreclosed Merritt's claims related to that argument.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023); *see also McCready*, 453 F.3d at 888 (plaintiff can plead himself out of court). For the reasons previously explained, such is the case here.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint has failed to state any viable claims.

SO ORDERED on July 31, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

6